[No. 4254.]

THE RIO GRANDE SOUTHERN RAILROAD COMPANY v. THE COLORADO FUEL AND IRON COMPANY.

1. **Compromise and Settlement — Creditor's Agreement — Construction.**

    A railroad company, while in the hands of a receiver, compromised with its creditors, and plaintiff, claiming a mechanic's lien for material furnished prior to the receivership, signed such compromise agreement, which provided a different basis of settlement for secured and unsecured creditors. Plaintiff was designated as unsecured, but signed such agreement upon condition that the difference between the amount received by it at the time, as an unsecured creditor, and the full amount of its debt should abide the final decree in its pending suit to enforce its lien. Held that, in an action for such balance, the action to enforce the alleged lien having failed, there can be no recovery, since, under the agreement as signed, the plaintiff is only an unsecured creditor.—P. 6.

2. **Appellate Practice—Bill of Exceptions—O. K.'d by Counsel—Defects—Waiver.**

    Where opposing counsel O. K.'d appellant's proposed bill of

exceptions before its presentation to the trial judge, appellee thereby waives the right to urge on appeal that certain instruments, attached thereto and referred to therein as exhibits, are not properly incorporated in such bill of exceptions.—P. 8.

3.  Practice in Civil Actions—Pleading—Proof—Ultimate Facts.

Where, in an action to foreclose a lien, defendant pleads payment of the account sued on, an executed compromise and settlement agreement is admissible in support of such defense though not pleaded, since the office of an answer is to state the ultimate facts upon which a defense is predicated, and not the evidence of such facts.—P. 8.

4.  Appellate Practice—Cross-error—Necessity of for Review— Evidence.

Where no cross-error has been assigned on alleged erroneous admission of evidence, appellee cannot be heard on appeal. —P. 8.

*Appeal from the District Court of Arapahoe County. Hon. Owen E. LeFevre, Judge.*

Action by The Colorado Fuel and Iron Company against The Rio Grande Southern Railroad Company. From a judgment for plaintiff, defendant appeals.                                            *Reversed.*

Messrs. WOLCOTT, VAILE & WATERMAN, Mr. W. W. FIELD, and Mr. T. J. LEFTWICH, for appellant.

Mr. D. C. BEAMAN, Mr. C. E. HERRINGTON, and Mr. FRED HERRINGTON, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Appellee, plaintiff below, brought an action against the appellant, as defendant, to foreclose a lien claimed on the railroad owned by the latter, for materials furnished in the construction of such road. At the time the action was commenced, the railroad company was in the hands of a receiver, but the indebtedness sued upon had been incurred prior to his appointment. Thereafter, and before the trial of

the cause, an agreement was entered into between the defendant and its creditors, to which the plaintiff was a party, the purpose of which was to effect a compromise and adjustment of the outstanding indebtedness of the railroad company, discharge the receiver, and re-invest the railroad company with the possession and control of its property. The trial resulted in a personal judgment against the railroad company for a balance of the account, which was the basis of the lien claimed, but denied the plaintiff any lien for such judgment. From this judgment the defendant appeals.

The contention of defendant at the trial was, that the creditors' agreement, having been fully executed, operated as a discharge and satisfaction of its entire indebtedness to the plaintiff. The trial court did not so construe that agreement, but held that it operated only as a discharge in part, rendering judgment for a balance of the account sued upon, although it appears from the record that the plaintiff did receive the money and obligations contemplated by the agreement. The correctness of the judgment, therefore, turns upon a construction of this contract. It embraced two sets of creditors of the defendant company, secured and unsecured, and a list of the creditors, among which was plaintiff, it being designated as an unsecured creditor in a sum specified. It provided that each of the unsecured creditors should release the railroad company from all claims on account of principal and interest, upon the payment of a certain per cent. in cash of its indebtedness against the railroad company, as shown by the schedule of indebtedness attached to the agreement, together with interest from January 1, 1895, and the delivery of promissory notes of the railroad company, indorsed by The Denver & Rio Grande Railroad Company. As to the secured creditors, the

agreement provided that each should receive payment in cash of one-half of six per cent. interest on the principal obligation, computed up to January 1, 1895, from the date to which interest had theretofore been paid; and for the remaining half of such interest, the promissory note of the railroad company, indorsed by The Denver & Rio Grande Railroad Company. Provision was also made with respect to the payment of the principal of the obligations held by the secured creditors, but they are not necessary to a determination of the rights of the parties to this appeal. The plaintiff signed this agreement with this proviso: "The Colorado Fuel & Iron Company has suit pending in the district court of Arapahoe county, Colorado, to establish mechanics' lien. It subscribes the foregoing agreement as an unsecured creditor, upon the condition that the difference between the amount paid by this compromise and the full amount of its debt abide the final decree or adjustment in said suit for mechanics' lien."

As previously stated, the record discloses that the plaintiff, subsequent to the execution of this agreement, and before trial, received the payments and obligations contemplated thereby as an unsecured creditor, subject to the provision attached to the compromise agreement. It is certainly clear from the language employed in this agreement, that if the plaintiff failed to establish its lien it should be regarded as an unsecured creditor, and the payment in cash of the per cent. of its indebtedness, as specified, with interest thereon from January 1, 1895, and the delivery of the promissory notes mentioned in such agreement, were to operate as a discharge of its account as scheduled. Having received the cash and the obligations as stated in the agreement, and having failed to establish its lien, it was only an unsecured creditor, and could exact nothing more from

the defendant in discharge of its account than the payment of the money and the delivery of the obligations contemplated by the agreement.

Counsel for plaintiff say that, if such had been the purpose of the agreement, it would have been an easy matter to have employed language to that effect. True, the terms of the agreement in this respect, so far as the plaintiff is concerned, might have been expressed in different language, but the contract as a whole can receive no other construction than that we have given it. The secured creditors were to receive interest on their respective obligations to January 1, 1895, while the unsecured creditors were only to be allowed interest upon their respective obligations from that date, thus clearly showing that had the plaintiff established its lien, which would have resulted in making it a secured creditor when taken in connection with the proviso attached for its benefit, that it would have been entitled to interest upon its account against the railroad company from the date such account began to draw interest, instead of from January 1, 1895, if it failed to established its lien. This conclusion is manifestly correct, because it appears from the agreement, in connection with the complaint in the action to which the proviso refers, that the principal sum claimed in the complaint was identical with that mentioned in the compromise agreement. On this sum interest was claimed from July 11, 1893, so that the only question between the parties at the time the compromise agreement was effected was interest, and that was to be determined by determining whether the plaintiff was a secured, or an unsecured, creditor.

Counsel for the plaintiff contend that the compromise agreement and the evidence of a compliance therewith on the part of the defendant cannot be considered, because not properly incorporated in the

bill of exceptions. These instruments are attached to the bill of exceptions and referred to therein as exhibits and as a part thereof. Conceding, but not deciding, that this is not a strict compliance with the rule with respect to the method by which exhibits must be incorporated in a bill of exceptions as previously declared by this court, the objection on the part of the defendant that it is not, is waived. It appears that, prior to the date that the bill of exceptions was signed and sealed by the trial judge, it was O. K.'d over the signature of counsel for plaintiff. In such circumstances the alleged defect in the bill of exceptions will not be considered.

It is also urged by counsel for plaintiff that the instruments in question should not have been received, because not pleaded. The defendant pleaded payment of the account sued upon, and these instruments were competent to establish that defense. The office of an answer is to state the ultimate facts upon which a defense is predicated, and not the evidence of such facts.

It is further urged by counsel for plaintiff that the creditors' agreement should not have been received in evidence because objected to upon the ground that a copy, instead of the original, was tendered, without a sufficient showing upon the part of the defendant of its inability to produce the original. The appellee has assigned no cross-error on this ruling, and consequently, the question raised is not before us for consideration.

The judgment of the district court is reversed and the cause remanded for further proceedings.

*Judgment reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.