Nos. 9131-9140.

Sweet et al. *v.* Barnard.

Barnard, Trustee, *v.* Dickson.

1. Pleading—*Waiver by Pleading Over.* A defendant who answers, after his motion to strike out matter contained in the complaint is denied, waives his motion.

So answer after a demurrer for misjoinder of defendants, or for ambiguity or uncertainty.

2. *Construction.* A pleading is to be construed as a whole. Uncertainty or defects in a particular allegation may be supplied by what is alleged elsewhere.

3. *Construed.* An allegation found in the answer "That the court has no jurisdiction of the subject matter of this action," is a demurrer, and should be heard and treated as such.

4. Corporation—*Stockholder—Liability for Assessment.* A holder of stock, with notice, is, though never a subscriber, liable for an unpaid assessment thereon.

An attorney who renders service to the corporation to the full value of stock which he received, is not liable for an assessment thereon, even though the shares came to him from one who obtained them without paying anything therefor.

5. *Assessment upon Stockholders—Effect.* Where the court in which the affairs of a bankrupt company are being adjudicated assumes to make a levy upon the stock, its order is conclusive of the necessity for the assessment, and the authority of the trustee to sue for it, not upon the principle that the order is a judgment, and therefore *res adjudicata,* but upon the principle that such necessity and authority are things which a stockholder may not gainsay; otherwise as to whether the stock is full-paid. Upon this the stockholder has a right to be heard.

6. LIMITATION—*When the Course of the Statute Begins.* When the Assessment is Made; not when a call is made upon subscribers for their unpaid balances.

7. *What Statute Applies.* An action against a stockholder for an assessment upon his stock, is not subject to the three years or the four years statute; but is to the six-year limitation.

8. *Manner of Pleading the Statute,* prescribed.

9. APPEAL AND ERROR—*Presumptions.* A defendant is not bound to offer evidence of a defense which has been adjudicated against him; and if he does so, it is not to be supposed that he might not have produced other evidence.

10. *Harmless Error.* Striking out an allegation which raises no material issue is harmless.

11. INTEREST—*When Allowed.* Not in an action against a stockholder upon an assessment on his stock, as unpaid.

*Error to Denver District Court, Hon. John A. Perry, Judge. En banc.*

Mr. WM. H. DICKSON (in 9131), for plaintiff in error.

Messrs. DANA & BLOUNT, Mr. JOHN W. STEPHENSON and Messrs. WHITEHEAD & VOGL, for defendant in error.

Mr. G. D. BLOUNT (in 9140), Messrs. WHITEHEAD & VOGL, DANA & BLOUNT and Mr. JOHN W. STEPHENSON, for plaintiff in error.

Mr. William H: Dickson, for defendant in error.

Opinion by Mr. Justice Denison.

This was an action by Barnard, Trustee in Bankruptcy, to recover the unpaid portion of the face value of stock in the International Improvement Company, Bankrupt, held by the defendants Sweet and MacFarland. A separate judgment was recovered by the plaintiff against each of the defendants. W. H. Dickson was also a defendant, but the judgment was in his favor, and the plaintiff (defendant in error) assigns cross-errors as to that judgment.

The plaintiff in error has argued fourteen points for reversal. Most of them are not, in our judgment, well taken; but, inasmuch as we must reverse the case on some of them, we notice others to prevent error on retrial, and take them up in their order.

*First*—Before bringing the suit the plaintiff obtained an order from the District Court of the United States, levying an assessment against the stock of the bankrupt company, and authorizing the trustee to collect the same, by suit if necessary, from the stockholders. This order was set forth in full in the complaint. There was a motion to strike it out, which was denied. The denial is assigned for error, but the defendant answered over, and we think thereby waived this objection.

*Second*—A demurrer to the complaint was overruled, and that is assigned as error. The demurrer was upon six grounds—first, misjoinder of defendants. This objection is waived by answering over. *Hayden v. Patterson,* 39 Colo. 15, 17, 88 Pac. 437. Second, that the complaint does not state sufficient facts, because "outside of the court order, there is no allegation that the defendants were stockholders of this corporation." We think that paragraph 6 of the complaint overcomes this objection. Third, that the facts are insufficient, because it is not shown that the stock was originally issued without consideration. Again plaintiffs in error are mistaken. The sixth paragraph alleges that all of the stock

was "issued by said corporation without consideration." Fourth, that the facts are insufficient, because it does not appear that the assessment levied was for the unpaid portion of the stock or that these defendants were ever subscribers, but merely that they were holders. A holder of stock with notice is subject to assessment if the stock is unpaid. *Pullman v. Upton*, 96 U. S. 328. Fifth, that the complaint does not show liability under the laws of Arizona where the company was incorporated. The liability does not depend on the laws of Arizona. The stockholder owes the company, and, in case of necessity, its creditors, the unpaid balance on his stock. *Pullman v. Upton, supra.* Sixth, that the complaint was ambiguous, unintelligible and uncertain. This was waived by answering over.

*Third*—It is claimed the court erred in striking out certain parts of the answer of defendant Sweet, but the only part now urged is the striking out of the so-called paragraph Third of the first defense of that answer. That part of the answer contains nine separate sub-paragraphs, each in the form of a denial; all except two are negatives pregnant. It was proper to strike them out, because, being but parts of a defense, they could not be reached by demurrer, and to strike them out was harmless, even if improper, because they raised no issue. Of the remaining two, which are the first and eighth, the first amounts to a denial of the time when the plaintiff was first informed of the facts constituting the ground of the assessment made by the bankruptcy court, and the other is a denial that one Bennett, the principal stockholder, was insolvent. Neither of these denials raises a material issue. There was, then, no error in striking out this paragraph.

*Fourth*—It is claimed the court erred in sustaining the demurrer to the fourth, fifth, sixth, seventh, eighth and ninth defenses.

The fourth defense is the statute of limitations, based on the theory that the cause of action arose and the statute began to run in July, 1905, when a call was made by the com-

pany on the stockholders for the unpaid balance.  The cause of action arose when the assessment was made and the statute began to run then.  *Felker v. Sullivan,* 34 Colo. 212, 218; *Scovil v. Thayer,* 105 U. S. 143; *McDonald v. Thompson,* 184 U. S. 71, 76; *Hawkins v. Glenn,* 131 U. S. 319, 333.

The demurrer to the fourth defense was therefore properly sustained.

The fifth, sixth and seventh defenses are respectively pleas of the three, five and six-year statutes of limitation of Colorado.  The present action is not subject to the three or five-year statute, but, at common law, must have been assumpsit (*Pullman v. Upton,* 96 U. S. 328), or perhaps, debt, in either case subject to the six-year limitation; therefore the seventh defense was good and the demurrer should have been overruled.  See *Hayden v. Patterson,* 39 Colo. 15.

The fact that the seventh defense seems from the record to be false must not lead us to conclude that it was subject to demurrer; we must keep in mind that the demurrer assumes its truth.

Fourth.  The eighth defense is as follows:

And for an eighth and further defense to this cause of action this defendant alleges:

First:   That this court has no jurisdiction of the subject matter of this action, as appears from the complaint filed herein."

And the ninth defense is in substance the same.  These defenses are demurrers and not pleas.  It was not proper to demur to them; they should have been heard as demurrers and should have been overruled.  The effect, however, of sustaining the demurrers to them was the same as if they themselves had been overruled; consequently there is no reversible error here.

*Fifth*—The defendants asked leave to amend their pleadings so as to set up certain statutes of Arizona.  The court denied leave to amend.  We do not find anything in the Arizona statutes as set forth in the record which would con-

stitute or support a defense to this action, so there was no error in refusing the amendment.

*Sixth*—The court held that the order of the Federal Court was *res judicata* to the effect that all the stock was issued to one Bennett without consideration, and that consequently the burden of proof was upon the defendants to show that they acquired the stock as *bona fide* purchasers for value without notice. In view of what we say later this was error.

*Seventh*—We think the court erred in holding that the order of the Federal Court was *res judicata* as to the findings contained therein.

In the *Great Western Telegraph Company v. Purdy*, 162 U. S. 329, 337, speaking of an order of the Circuit Court of Illinois levying an assessment and authorizing its collection, the court said:

"But the order was not and did not purport to be a judgment against any one. It did not undertake to determine the question whether any particular stockholder was or was not liable in any amount. It did not merge the cause of action of the company against any stockholder on his contract of subscription nor deprive him of the right when sued for an assessment to rely on any defense which he might have to an action upon that contract.

In this action, therefore, * * * he had the right to plead a release or payment or the statute of limitations or any other defense going to show that he was not liable upon his contract of subscription."

After making the order set forth in the present case, the Federal Court modified it as follows:

"That all findings of fact contained in and made a part of said order and said order itself are made without prejudice to the right of any person that may hereafter be sued on account of the assessment levied under and by virtue of said order in any court of competent jurisdiction to make such defense thereto as may affect his individual liability thereon."

In making the assessment the Federal Court "took the place and exercised the office of the directors" (*Great Western v. Purdy,* 162 U. S. 336), and the order of the court settles the questions of the necessity for the assessment and of the authority of the trustee in bankruptcy to sue to recover it, not, it would seem, on the principle of *res judicata,* because the order is not a judgment, but on the principle that such necessity and authority are things which the stockholder may not gainsay, since the directors of the company might make the assessment or give the authority without his knowledge or consent or against his protest; not so, however, as to the question whether the stock is full paid; on that he has a right to be heard on an issue properly made by pleadings, and he may have a jury as in any case in assumpsit or debt. It follows that the appearance of the defendants before the Federal Court to resist the motion for an assessment does not give to the order the effect of *res judicata.*

We think, therefore, that by reason of the modification of the order or even without that modification, the defendants had the right, notwithstanding the order, to show, if they could, that their stock was full paid.

The learned judge who tried the case below stated that, notwithstanding that he considered the order of the Federal Court *res judicata* upon this point, he found from the evidence that the stock was not full paid, and the trustee claims that therefore the error in holding the order to be a thing adjudicated between the parties is cured. We do not think so. The court declared the order *res judicata* at the beginning of the trial and put the burden of proof on the defendants by reason thereof, and although evidence concerning the issue of stock and the consideration therefor was admitted without objection, and although the record shows no rejection of evidence of that sort, still the defendants were not bound to offer evidence in support of a defense that had already been adjudicated against them,

and we are not to suppose that they offered all that they had on that subject.

*Eighth*—It is urged that the defendants' stock was originally issued for full value. This is a question of mixed fact and law which must, upon the reversal of the case, be tried below; therefore, we express no opinion upon it.

*Ninth*—That the defendants were transferees of Bennett and not original subscribers is a matter admitted in the record, but, as shown above, does not of itself relieve defendants from liability.

*Tenth*—Whether the defendants when they purchased their stock paid value without notice is a question involving facts to be retried and we express no opinion upon it. The same is true of the eleventh point that Mr. Sweet had the right to receive compensation as director; the twelfth, that the contracts with the defendants were ratified; the thirteenth that the defendant MacFarland was not a stockholder, and fourteenth, that the findings of fact by the court were against the weight of the evidence—all these will have to be determined upon retrial.

As to the judgment in favor of Mr. Dickson on the claim against him we think the court was right. The writ of error against him is numbered 9140 in this court, but by stipulation is heard herewith. The effect of the transaction with Mr. Dickson, as it appears in the evidence, was that he rendered to the company services to the full value of the stock which he received. True he received the stock from Bennett, but the services were rendered to the company, so the company has had full pay for that stock.

The District Court held that the plaintiff was not entitled to interest. Interest in this state is a matter of statute, and we know of no statute which provides for interest in such a case as this. There was therefore no error on this point.

In No. 9140 the judgment for Mr. Dickson should be affirmed.

In No. 9131 the judgments against Sweet and MacFarland should be reversed and a new trial granted.

*On Motion for Rehearing.*

Nos. 9131 and 9140.

UPON application for rehearing counsel think we have misconceived or misconstrued the case of *Great Western, etc., v. Purdy,* 162 U. S. 332, 40 L. Ed. 986, and they cite *Felker v. Sullivan,* 34 Colo. 214, 83 Pac. 213, the opinion of which is mainly a quotation from *Scovil v. Thayer,* 105 U. S. 143, 26 L. Ed. 968.

We have re-read all those cases with care and we do not think we misconstrued them; but we do think counsel for the defendant in error in some degree misconceives their force. It may be true, as counsel claims, that the directors in the present case had no power to assess; but, even if it be true, it would not logically alter our conclusion, because the action of the court in ordering assessment would still be analogous to the action of the directors—in effect the same —still not purporting to be a judgment against any one and not undertaking to determine the question whether any particular stockholder was or was not liable in any amount, and therefore not *res judicata.* And if we were wrong in this, still the modification made by the court in bankruptcy, as set forth in our opinion, forces us to the conclusion therein reached.

The petition for rehearing also suggests that we were wrong in holding the seventh defense of the answer to be good, because the demurrer admitted only facts well pleaded, and that that defense does not well plead the statute of limitations. We think otherwise. The defense is as follows:

"That the cause of action alleged or attempted to be alleged in the complaint * * * accrued to the plaintiff

\* \* \*  more than six years previous to the commencement of this action."

The proper way to plead the statute of limitations is:

"That the said supposed cause of action in said complaint mentioned did not accrue within six years next before the commencement of this suit."  3 Chitty 941.

This states the ultimate fact. We think the seventh defense is equivalent to it and that therefore it is well pleaded.

A statement such as the petition for rehearing suggests, that the assessment was made on such and such a date, or that it was made more than six years before the commencement of the suit would merely have stated evidence to prove the ultimate fact and would have been bad.

The motion for rehearing should be denied.

Decided May 5, A. D. 1919.  Rehearing denied July 7, A. D. 1919.