No. 9998.

The W. H. Swanson Theater Co. *v.* The Pueblo Opera Block Investment Co.

Decided March 7, 1921.  Rehearing denied May 2, 1921.

Action in unlawful detainer.  Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. Pleadings—*Conclusions—Admissions.*  A denial of allegations of a complaint which state conclusions of the pleader and anticipate a possible defense, raises no issue, and where the material allegations have been expressly admitted, general denials are without force.

2.    *Unlawful Detainer Act—Pleading Evidence.*.  The provision of the unlawful detainer act, sec. 2612, R. S., 1908, that the answer shall set forth "all the substantial facts," does not require the pleading of evidence.

3.    *Ultimate, not Evidential Facts, to be Pleaded.*  An allegation that, for a stated consideration, the defendant undertook, or promised, or that under seal he agreed to do certain things, is a statement of ultimate fact.  Averments of a defense which state evidential, but not the ultimate, facts, are insufficient.

4. Appeal and Error—*Verdict and Judgment—Harmless Error.*  Where there is no issue for the jury, it is irregular for the court to direct a verdict, but if the final judgment is correct, the error is without prejudice.

5.    *Pleading—Amendment.*  Where, if a specific amendment to an answer had been allowed, no defense would have been stated,

a denial of leave to amend does not constitute prejudicial error.

*Error to the District Court of Pueblo County, Hon. James A. Park, Judge.*

Messrs. ADAMS & GAST, for plaintiff in error.

Mr. M. G. SAUNDERS, Mr. E. F. CHAMBERS, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

MAY 10th, 1920, The Pueblo Opera Block Company brought suit against The Swanson Theater Company in unlawful detainer, alleging that it had leased to the defendant (setting up the lease in full), that the lease had expired May 1st, that it had never been extended or renewed, and that possession had been demanded and refused.

Four defenses were pleaded, all of which were eliminated except the 4th, which, as finally amended, expressly admitted all of the allegations of the complaint except those contained in the 4th paragraph thereof, and also denied "that said lease expired by limitation on May 1st, 1920," and "That said lease had never been extended or renewed," (allegations which were in the 4th defense) and denied generally all allegations not specifically admitted; and, in addition, alleged that before the end of the term plaintiff had proposed to give a new lease, beginning May 1st, 1920, on certain terms, and that the proposition was accepted by the defendant.

A trial was had in which the jury disagreed, and, at the second trial, upon motion or demurrer *ore tenus,* the court excluded all evidence, directed a verdict and gave judgment for the plaintiff on the ground that the above plea did not constitute a defense.

The judgment was clearly right. The 4th paragraph of the complaint was immaterial; it alleged that the lease expired by limitation May 1st, 1920, which was a conclu-

sion of law and a superfluity because the lease was already set forth in full; also that the lease had never been renewed or extended, which was anticipating a defense; the denials that the lease expired May 1st and had never been extended were therefore without force or effect. *Brooks v. Bates,* 7 Colo. 576, 4 Pac. 1069; *Canfield v. Tobias,* 21 Cal. 349; *Bulova v. Barnett,* 181 N. Y. Supp. 247. The only other allegation in the 4th paragraph was that the lease contained certain matters, quoting them. This was a repetition, in violation of the code, of what had already been shown in the copy of the lease previously set forth. This with all the rest of the complaint had been expressly admitted, therefore the general denials were without force.

The remainder of the 4th defense pleads matters of evidence only, setting up the evidential facts of proposition and acceptance in lieu of the ultimate fact of the contract thereby evidenced.

The clause of the unlawful detainer act R. S. 1908, § 2612, that the answer shall set forth "all the substantial facts upon which he relies" does not require the pleading of evidence. If it did, it would result, at the trial, in absurdities too obvious to need mention.

This seems to us a typical case of pleading evidence. It is exactly parallel to *St. Louis, etc. Co. v. Colo. Nat. Bank,* 8 Colo. 72, where the evidential facts showing an account stated were held not sufficient to constitute a cause of action upon an account stated. The court, quoting from Abbott's Trial Evidence, says:

"An allegation that one party made a statement of an account and delivered it to the other, who made no objection to it, is not an allegation that an account was stated between them."

So here, an allegation that one party made a proposition to another who accepted it is not an allegation that a contract was made between them. Mr. Pomeroy (Pom. Rem. § 526) uses as an illustration a case very much like the present.

It is elementary and has been unquestioned for centuries

that an allegation that, for a consideration, (stating what it was) the defendant undertook, or promised; or that, under his seal, he agreed to do so and so, is a statement of ultimate fact and all the precedents are in such form.   If so, the averments in the 4th defense cannot be of ultimate, but must be of evidential, facts.   The 4th plea, therefore, stated no defense.   *Fidler v. Delavan,* 20 Wend. (N. Y.) 57; *McCaughey v. Schuette,* 117 Cal. 223, 46 Pac. 666, 48 Pac. 1088, 59 Am. St. Rep. 176.   On this subject see *Denver v. Bowen,* 67 Colo. 315, 184 Pac. 357; *Cuenin v. Halbouer,* 32 Colo. 51, 74 Pac. 885; *Payne v. Williams,* 62 Colo. 86, 160 Pac. 196; *Sylvis v. Sylvis,* 11 Colo. 319, 17 Pac. 912; *Hallack, etc., Co. v. Blake,* 4 Colo. App. 486, 36 Pac. 554; *Mott v. Baxter,* 29 Colo. 420, 68 Pac. 220; *Saxonia Co. v. Cook,* 7 Colo. 569, 4 Pac. 1111; *Lavelle v. Julesburg,* 49 Colo. 290, 293, 112 Pac. 774; *R. G. S. R. R. Co. v. Colo. Fuel & I. Co.,* 41 Colo. 3, 8, 91 Pac. 1114; *Pike v. Sutton,* 21 Colo. 84, 39 Pac. 1084.

It was irregular for the court to direct a verdict, because there was no issue for the jury to try; judgment, however, was due to the plaintiff upon the record, and the judgment being right, there is no prejudice.

The defendant asked to amend by alleging that the defendant's possession was under the agreement for a new lease which he had attempted to allege, and that he was ready and willing to carry out that agreement, but the leave was denied.   Whether these allegations were necessary we do not say, nor whether the court was within its discretion in denying the amendments, but, even if he had so amended, the defense would not have been good, so there was no prejudicial error in this denial.   He did not ask leave to amend to show the ultimate fact of the contract. In whatever way, then, we view the action of the court, it shows no error and the judgment must be affirmed.

Supersedeas denied and judgment affirmed.

MR. JUSTICE TELLER and MR. JUSTICE WHITFORD concur.