## No. 10,409.

## FOWLER v. FOWLER.

Decided December 3, 1923.

Action for divorce and cancellation of a deed. Deed cancelled and reconveyance ordered.

## *Reversed.*

1.  APPEAL AND ERROR—*Divorce—Cancellation of Deed.* In an action for divorce involving cancellation of a deed, a writ of error will not be dismissed, as to a third party against whom a decree of cancellation was entered, on the ground that there was no compliance with the provisions of section 5605, C. L. '21, the decree in question not being "in an action for divorce" within the meaning of that section.

2.  PLEADING—*Misjoinder—Waiver.* The objection of misjoinder of causes or parties is waived by answering over.

3.  DIVORCE AND ALIMONY—*Property.* A decree, in an action for divorce, giving land as alimony, is not *ipso facto* erroneous, because entered after the interlocutory and before the final decree of divorce, there being a prayer for alimony.

4.      *Alimony.* In an action for divorce, no personal judgment for alimony can be entered against the husband where service is by publication; but such alimony could be made a charge on land over which the court acquired jurisdiction by such service.

5.  APPEAL AND ERROR—*Sufficiency of Evidence.* Evidence reviewed and held not to support a judgment for the cancellation of a deed and reconveyance of property.

6.  REAL PROPERTY—*Reconveyance.* The fact that a grantor of real property might have an interest in the proceeds of the property when sold by his grantee, would not justify a court finding that the conveyance was without consideration, nor an order for reconveyance; but only for an accounting for the proceeds.

*Error to the District Court of Jefferson County, Hon. S. W. Johnson, Judge.*

Mr. Ross H. Comly, Mr. Ab H. Romans, Mr. Paul W. Lee, Mr. George H. Shaw, for plaintiff in error.

Mr. George B. Campbell, for defendant in error.

*Department Two.*

Mr. Justice Denison delivered the opinion of the court.

Ethel Fowler obtained a decree against her father-in-law, W. E. Fowler, cancelling a deed to him from her and M. Gordon Fowler, her husband, and ordering the reconveyance to her of the land therein described. W. E. Fowler brings error.

The action was by Ethel Fowler against her said husband for divorce, and alimony on the grounds of desertion and cruelty. She joined W. E. Fowler as defendant, and alleged that the defendants had conspired to convey, and had conveyed, the land in question to the latter without consideration to avoid alimony, and the court so found.

Defendant in error moves to dismiss the writ on the ground that no notice of intended application for writ of error was filed under C. L. § 5605, which requires such notice in a divorce case, and cites *Chamberlain v. Chamberlain,* 66 Colo. 562, 185 Pac. 354, which holds such notice to be essential; moreover, we have just held, under that section, that no writ of error will lie to the district court in favor of one against whom no decree of divorce has been granted. *Unzicker v. Unzicker,* 74 Colo. 211, 220 Pac. 495, decided at the present term. Counsel for plaintiff in error, however, answer that this is not a divorce case and that no judgment of divorce has been rendered against him, as expressed in that section and we cannot think that the Legislature intended that section to have any application to a party not interested in the divorce action proper, brought in in respect to property interests which might as well have been litigated in a separate suit. If we should hold the statute in question to cover a case like the present, there

could, under the Unzicker Case, be no review of decisions upon property rights of third persons determined in the district courts in divorce actions in which no divorce is granted. We think, therefore, that the controversy between Mrs. Fowler and her father-in-law was not a part of the action for divorce, and that the decree in question was not "in an action for divorce" within the meaning or intent of that section of the statute. The motion must be denied.

Upon the main case plaintiff in error makes three points: (1) That there is a misjoinder of causes and parties in that the action on the fraudulent conveyance could not be joined with that for divorce; (2) that when the decree was made against W. E. Fowler no decree of divorce or award of permanent alimony had been made; (3) that the evidence does not support the decree, because, (a) There is no showing that plaintiff in error had any knowledge of his son's intent to desert plaintiff, and, (b) The undisputed evidence shows that he paid a valuable and adequate consideration for the land.

On the first point: The misjoinder was waived by answering over. *Sweet v. Barnard,* 66 Colo. 526, 182 Pac. 22; *Hayden v. Patterson,* 39 Colo. 15, 88 Pac. 437.

On the second point: The decree in question was rendered after the interlocutory and before the final decree. One prayer of the bill was that the land in question be vested in plaintiff as alimony, and as provision for support of herself and three children. Under this prayer the court might grant temporary alimony and support of children *pendente lite,* and the decree giving the land as alimony amounts to a grant of temporary alimony. We cannot say, therefore, that the entry of the decree for the land before final judgment was *ipso facto* erroneous.

It is true that since the husband was served by publication only, no personal judgment for alimony, temporary or permanent, could be rendered; but such alimony could be made a charge on the land over which the court acquired jurisdiction by such service.

Upon the third point, we think the plaintiff in error is

right. This seems to us not a case of conflicting testimony.
The undisputed evidence is that W. E. Fowler and his two
sons, Gordon and Leland, entered into the following agreement of partnership:

"We, the undersigned, hereby agree on this the Twenty-
seventh day of October, 1915, to form an equal partnership
on the property of Section 18, Township 16, Range 51 West,
in Cheyenne County and the East ½ of the West ½ and
the East ½ of Section two (2), Township 16 Range 52
West in Lincoln County. Both of the State of Colorado
together with all improvements, live stock, farm implements
and farm produce, etc.

W. E. Fowler        Seal.

M. Gordon Fowler        Seal.

Leland B. Fowler        Seal."

They acquired this land by three homestead patents from
the United States, one to each of the partners, and the land
patented to Gordon is that now in question. At about this
time the plaintiff and Gordon married and went to live on
the land described in the above agreement. Leland and
W. E. lived on the land also part of the time and in the
same house. Gordon personally owed his father some $600,
and the latter advanced money to buy a relinquishment of
the land in question and to improve and equip the ranch,
taking notes from the two sons for their share of the same.
Gordon's note was for about $3800, and Leland's say $3100.
In 1921, when the farm had proved a financial failure, they
wound up the partnership. They sold the personal property for about $3800, which was deposited in the private
account of W. E. Fowler. Out of this he paid the partnership debts, say $2200, and credited each of his sons one-
third of the remainder on their notes to him. Then he
bought Gordon's interest in the land, paying him $1800 by
check on his said private account and surrendering his note
mentioned above. There is no question in the evidence that
this was an adequate price. W. E. Fowler's evidence of
these transactions was not only undisputed, but was corroborated by Leland, by the cashier of the bank, by can-

celled checks and other documents, and on some points by the plaintiff herself. The sale and closing of the partnership was done in the absence of plaintiff, but she joined her husband in the deed of his land to his father, while she knew that the $1800 was to be paid thereon and knew of the existence of Gordon's note to him. None of these proceedings was concealed from her. She was kept informed, unless, perhaps, she supposed the $1800 was to be an advance and that W. E. Fowler was to dispose of the land and account to Gordon for his interest whatever it might be.

April 16, 1921, immediately after the closing of the partnership, Gordon wrote the plaintiff that he intended to live with her no longer, sending her $200, and she never heard from him again. She had no suspicion that he intended to do this, and there is no evidence, except their association with each other, that his father had. Leland says he had not. The plaintiff in error himself says he had not. He knew, indeed, that his son was going away, the plaintiff and everybody else knew that. There is, however, no evidence that anybody knew of his intention to desert his family until he wrote to his wife as above stated. The evidence of conspiracy, then, has failed, and we are unable to find evidence here to support the findings of the court that the conveyance of the land by Gordon to plaintiff in error was without consideration, but the contrary.

The only circumstance tending to show anything at variance with the above facts is a letter of Gordon to his wife, of March 22nd, twenty days before the sale of the personalty, in which he says: "He, (W. E. Fowler) is going to advance me $1800 on the sale of our land and deliver the balance after the sale is made for which I give him a clear deed to my half. The sale price is going to be not less than $25. per acre.  *  *  *  Assuming that this letter was competent against the father, yet, whether true or false, it will not help out the findings or the decree. If it was true when he wrote it, the plan was apparently changed. If it was not changed, then Gordon has an interest in one-half

the proceeds of the sale of the land when it is made; but this would not justify the finding that the conveyance was without consideration but the contrary, and would not justify the order to convey the land to plaintiff, but only to account for the proceeds. We cannot let our indignation and sympathy distort the facts.

Motion to dismiss denied.

Judgment reversed and cause remanded.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.