## No. 10,671.

### BLOOM *v.* PIONEER STATE BANK.

Decided February 4, 1924.

Action on promissory note. Judgment for plaintiff.

*Affirmed.*

1. PLEADING—*Demurrer—Waiver.* The objections, raised by demurrer to a complaint, of misjoinder of causes of action and uncertainty, are waived by answering.

2. BILLS AND NOTES—*Defense.* In an action on a promissory note against several defendants, the answer of one that he received nothing of value for signing it, does not constitute a defense, because the consideration may have been received by his co-makers.

3. APPEAL AND ERROR—*Directed Verdict.* In reviewing a judgment on a directed verdict, the appellate court must take the evidence in its most favorable aspect for the defeated party.

4. VARIANCE—*Pleading and Proof.* In an action on a promissory note, a defendant who pleads an unconditional promise on the part of the holder to surrender the note, and proves a promise to surrender upon a condition which is never fulfilled, fails to sustain his plea.

*Error to the District Court of the City and County of Denver, Hon. Henry J. Hersey, Judge.*

Mr. JOHN M. GLOVER, for plaintiff in error.

Mr. P. R. ANDERSON, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE district court directed a verdict and gave judgment thereon against Bloom and others in a suit on a promissory note. He alleges error. We think the judgment must be affirmed.

The complaint, which was filed June 24, 1922, states that defendants, including Bloom, gave plaintiff bank a 60 day

note for $3,000, dated March 24, 1921, and, after its maturity, they left with the bank another note, dated May 23rd, for $3,000, due in one year, the bank agreeing to surrender the old note and accept the new one, as soon as the interest on the old one, $50, was paid, and that neither principal nor interest of either note had been paid. This amounts to a suit on the old note. Part of the brief of plaintiff in error proceeds on the theory that the second of the two notes is the one upon which this suit is brought. We do not so regard it. The first note seems to us to be the subject of the action, and we think that the complaint might better have omitted mention of the second, which was a matter of defense, as appears not only from the pleadings but the evidence.

The defendant, Bloom, demurred for misjoinder of causes and uncertainty. The demurrer was overruled. This is assigned as error but he answered and so waived this point. Code 1921, § 79; *Sweet v. Barnard*, 66 Colo. 526, 182 Pac. 22; *Fowler v. Fowler*, 74 Colo. 231, 220 Pac. 988.

The answer admitted nonpayment, and, after denials which are now immaterial, alleged for a second defense that defendant, Bloom, received nothing of value for signing the first note. This did not constitute a defense, because the consideration may have been received by his comakers.

For a third defense he answered: "that for a valuable consideration in hand paid, prior to the beginning of this action, the plaintiff agreed * * * to cancel and deliver to this defendant the note dated March 24, 1921, which it now retains in violation of this agreement."

Taking, as we must, since the verdict was directed, the testimony for defendant in its most favorable aspect for him, we do not think a verdict for him could stand.

The only question under the third defense was whether defendant was entitled, by virtue of the contract there stated, to have the first note surrendered. He testified that the bank agreed to surrender it on and in considera-

tion of the delivery of the second, but that when he delivered the second it was delivered upon the promise of the bank to surrender the first note when the interest thereon, $50, was paid. The previous promise of the bank was, of course, merged in this later one. The $50 has never been paid; consequently the defendant, having pleaded an unconditional promise to surrender and proved a promise to surrender upon a condition which is still unfulfilled, has failed to prove his plea. Hallett, C. J., in *Longan v. Carpenter,* 1 Colo. 218.

There is some evidence on the part of the defendant which it is claimed lends support to this plea, viz., that the second note was reported as assets to the bank examiner and was marked as a renewal of the first; that notice of its approaching maturity was sent to defendant and that the testimony of Peterson, president of the bank, under cross-examination was that he told Bloom he would hold the old note "merely for the $50, and surrender it in cancellation when the $50 was paid." This evidence might tend to support a plea of payment or partial payment of the first note, if there were such a plea, but it does not tend to show that the defendant was entitled to the surrender of the note without the payment of the $50, which is the defense stated.

Judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.