## No. 11,244.

## WIESMAN v. RUDE.

Decided March 8, 1926.

Action to enforce agreement for compromise and settlement. Judgment for defendant.

### Affirmed.

1. PLEADING—*Compromise and Settlement*. Allegations of a complaint in an action to enforce an agreement for compromise and settlement reviewed, and held not to state a cause of action.

2. *Facts*. In pleading, ultimate, and not evidential, facts should be stated.

3. COMPROMISE AND SETTLEMENT—*Instructions—Revocation*. It is lawful for one to revoke instructions given his attorney for the settlement of disputes and litigation, where there is no contract on the subject between the parties.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. WILLIAM H. DICKSON, for plaintiff in error.

Messrs. DANA, BLOUNT & SILVERSTEIN, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

A GENERAL demurrer to the amended complaint was sustained. Judgment for defendant and plaintiff brings error.

The substance of the complaint is that to settle litigation and dispute between the parties, the plaintiff exe-

cuted and procured to be executed certain instruments, which are set forth in full, "for delivery to defendant upon the payment of said sum of twenty-five hundred ($2,500) dollars, the consideration therein expressed." That defendant delivered to his attorney, Philip Hornbein, checks for $2,500, payable to said attorney, "with instructions and authority to endorse said checks payable to the order of the plaintiff in consideration of the delivery of said written instruments to the said Philip Hornbein, in compromise and settlement of said controversies and litigations"; that thereafter said instruments were delivered to Mr. Hornbein who endorsed the checks and was about to deliver them when defendant revoked his instructions and authority.

It is clear that the complaint states no cause of action. If it had alleged that, in consideration of plaintiff's agreement to procure and deliver to defendant the written instruments, defendant promised to pay $2,500; that plaintiff had delivered the instruments and defendant had refused to pay, it would have stated a cause of action, and the facts which it does state would have been evidence tending to prove the same *(Swanson Theatre Co. v. Pueblo Co.,* 70 Colo. 83, 197 Pac. 762; *Sweet v. Barnard,* 66 Colo. 526, 535, 182 Pac. 22); but no contract of any sort by defendant is alleged. The written instruments do not contain or purport to contain any contract on defendant's part and are not signed by him. The most that can be gathered from the complaint, even ignoring the fact that its facts are merely evidential, is that defendant authorized his attorney to deliver checks but revoked before delivery. The revocation was lawful, because, since no previous contract was alleged, the delivery of the instruments did not amount to performance of any contract by plaintiff, and the authority of the agent therefore remained revocable.

This conclusion relieves us from the consideration of the statute of frauds.

Judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.