## No. 12,789.

Second Industrial Bank *v.* Surratt et al.

(31 P. [2d] 1116)

Decided April 9, 1934.

Mr. LOUIS A. HELLERSTEIN, for plaintiff in error.

Mr. EDWARD L. OAKES, Mr. SAMUEL M. GOLDBERG, for defendants in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THE parties appeared in reverse order in the trial court and, for convenience here, will be referred to as the Surratts and the bank.

April 3, 1928, the Surratts gave their note to the bank for $690.86 secured by chattel mortgage on household furniture and equipment at 3766 Zenobia street, Denver, Colorado, the mortgage, which is plaintiff's Exhibit A, itemizes certain chattels at 4933 West 38th avenue, Denver, Colorado; also, monthly payments of $35 on the second day of each month beginning May 2, 1928, were provided for, and said chattel mortgage was duly filed for record April 3, 1928.

According to the terms of the note, payments were regularly made and credited on said note until December 2, 1928, when only $25 was paid. On November 1, 1928, the Surratts had rented the premises at 3766 Zenobia furnished to Michaels, and Surratts went to California.

In December, a representative of the bank called on

Michaels, the tenant, and requested that payment of the rent be made to the bank. On December 29, Michaels moved out of said premises and took the key. The bank declared default in terms of the note and mortgage and took possession of chattels on January 7, 1929, and sold same to or through the Rosenthal Auction Company for $165. In February, 1929, the Surratts returned from California, found an empty house and filed suit against the bank alleging substantially as follows: First cause of action: The making, delivering and filing of said note and mortgage on chattels at 3766 Zenobia which were reasonably worth $2,500; payment of $272 on said note; that the bank wrongfully and unlawfully and without cause took possession of and disposed of said property; that the bank failed to exercise reasonable care and diligence in disposing of said goods; that the bank, without notifying Surratts, disposed of said property at private sale for $165, which was an inadequate and unfair price; that the bank failed to give notice of sale or reasonable opportunity to purchasers to offer bids. Second cause of action: That Surratts were in possession of and now entitled to possession of personal property described in defendant's Exhibit A; that on January 3, 1929, the bank wrongfully and unlawfully took possession of the property described in defendant's Exhibit A, and wrongfully and unlawfully converted same to its own use to Surratts' damage in the sum of $1,800; that demand was made on the bank for the return of said property, which it failed and refused to do.

Judgment was prayed for against the bank for $2,083.74 with interest on first cause of action, and $1,800 with interest on second cause of action.

A part of the complaint was the attached Exhibit A which is as follows: "Tools, 1 Set of New Velie Automobile Wheels, Wearing Apparel, Valuable books and keepsakes, 1 Lawn Mower, Convention Equipment, 200 Bed ticks, 100 Bath towels, 100 Face towels, 6 dozen linen tea towels, 4 dozen kitchen tea towels, 1 full bolt of white

oil cloth, 3 dozen feather pillows, 1 bolt of white muslin. Various other articles of household furniture, equipment, and property, the exact kind and nature of which is unknown at this time.''

The bank filed a general demurrer to each cause of action and a special demurrer to the improper uniting of two causes of action in one complaint which were overruled, and the bank answered substantially and briefly as follows: First defense to first cause of action, general and specific demurrer; second, for further answer to first cause of action, admits mortgage, admits sale for $165, denies that all of the property covered by mortgage was sold, and alleges that the bank was never able to obtain possession of all the property covered by mortgage, and further alleges that the mortgage covered items of security at two addresses, towit, 3766 Zenobia and 4933 West 38th avenue, and subsequent to date of mortgage, that Surratts, without knowledge or consent of the bank, sold the mortgaged chattels at 4933 West 38th avenue; alleges default of terms of the mortgage by Surratts and that the bank, under the mortgage, declared whole indebtedness due and repossessed and sold property at 3766 Zenobia for a reasonable price using due diligence therein. For answer to the second cause of action, special demurrer to improper uniting of causes of action, and for further defense and counterclaim sets up judgment of the county court in the case of *Bank v. Surratts* in the sum of $385.41 and interest.

Trial was had to the court and finding entered against the bank for $700 on the first cause of action and $700 on the second cause of action, with credit thereon of $160 and $362.80, leaving a balance of $877.20 for which judgment was entered and the bank assigns error, summarized as follows: (a) The causes of action were improperly united; (b) the second cause of action did not state facts sufficient to constitute a cause of action; (c) the court erred in finding for plaintiff upon the first cause of action, as same was contrary to the law and unsup-

ported by the evidence; (d) the court erred in finding for plaintiff upon the second cause of action, as same was contrary to the law and unsupported by the evidence; (e) the testimony of plaintiffs' relation to articles not specifically set out in Exhibit A of the complaint and termed therein "unknown to plaintiffs," at the time of the filing of the complaint and to substantiate the second cause of action should not have been admitted.

These assignments of error will be treated in the order made by plaintiff in error.

■ As to assignment (a), this objection, if well taken, appeared on the face of the complaint, and could only be raised by demurrer, which was done in this case, and when the demurrer was overruled and the bank answered to the merits, it waived its right to question the court's ruling on review, and by pleading such misjoinder in the answer, such objection was not saved. *Seerie v. Brewer,* 40 Colo. 299, 90 Pac. 508; *Diamond Rubber Co. v. Harryman,* 41 Colo. 415, 92 Pac. 922; *Sweet v. Barnard,* 66 Colo. 526, 182 Pac. 22; *Mayhew v. Glazier,* 68 Colo. 350, 189 Pac. 843; *Bloom v. Pioneer Bank,* 75 Colo. 28, 223 Pac. 750; *Walsmith v. Hudson,* 77 Colo. 326, 236 Pac. 783.

■ As to assignment (b), the bank bases its contention on paragraph two of the second cause of action which is as follows: "That at all times hereinafter mentioned the plaintiffs were in possession of, and are now entitled to possession of the personal property more particularly described in Exhibit A, attached hereto and made a part hereof"; and urges that an allegation of the mere fact that plaintiffs were entitled to possession was not sufficient to state a cause of action for conversion, and contends that an allegation of ownership is essential to sustain such action. We differ with counsel in this contention. Trover can be properly maintained by one rightfully in possession of property or who has the immediate right of possession, though not the owner, against a wrongdoer who wrongfully and unlawfully takes such property and converts same to his own use.

Peaceable and rightful possession is generally held to be prima facie evidence of title and gives a special property interest sufficient to enable one to maintain action against a wrongdoer. 1 Chitty on Pleading, page 167; 1 Bliss on Code Pleading, section 230.

██ It is to be noted that plaintiffs alleged they "were in possession of and are now entitled to possession" and defendant wrongfully and unlawfully converted same to its use, and such an allegation was good as against a demurrer. At the trial, the Surratts testified without objection that they were the owners of the property and according to the rule adopted by this court, the verdict and judgment aided the pleading and such evidence cured the defect, if any, in the pleading. *Hicks v. Cramer,* 85 Colo. 409, 277 Pac. 299.

As to assignment (c) that there was insufficient evidence to support the finding for Surratts, counsel for the bank argues that the mortgage was in default for three reasons, namely: (1) Payment of only $25 on $35 payment due December 2; (2) that Surratts by going to California without notice to the bank, abandoned the property secured by the bank mortgage; (3) that during November Surratts sold a portion of the chattels described in the mortgage without consent of the bank.

██ The plaintiff alleged the right to possession of the chattels which was denied by the bank. According to the terms of the mortgage, it was lawful for the mortgagor to retain possession until default in the performance of any of its conditions or covenants. The mortgage contained the usual covenant to the effect that the mortgagor would not attempt to sell or otherwise dispose of the mortgaged property without the consent of the mortgagee. The bank alleged that the mortgagor, without the consent or knowledge of the bank, sold the chattel property located at 4933 West 38th avenue, and then made the general allegation that Surratts had defaulted in the keeping of the terms of the mortgage; that the bank, pursuant to the terms of the mortgage, declared

the total indebtedness due and payable at once, and pursuant to the terms of the mortgage, repossessed the items at 3766 Zenobia street. The bank's allegation of default is a conclusion of the pleader as to all matters except the selling of the property by the mortgagor. A general allegation of default without specification of the particular things claimed as a default is insufficient, therefore, while the bank urges that there was default in the payments to be made, it did not so allege.

As to the chattels located at 4933 West 38th avenue, Surratts denied that said property was included in the chattel mortgage at the time it was signed by them. Upon this question, as well as upon the other two claimed, but unalleged, matters of default, the court, on ample evidence, found in favor of Surratts and its finding will not be disturbed.

Assignment (d) is to the effect that there was insufficient evidence to support the finding of the trial court for plaintiff on the second cause of action. A careful examination of the testimony leads us to feel that there was an abundance of substantial evidence to support the finding of the trial court and in accordance with the well settled rule such a finding will not be disturbed by this court on review.

Assignment (e) in substance, is a complaint that the court improperly admitted evidence relative to articles not specifically set out in Exhibit A of the complaint termed thereunder as "unknown to plaintiff at the time of the filing of the complaint." The bank does not set out in its abstract of record the testimony complained of or its objection, if any, and this court has repeatedly held that in order for such matters to be considered, it is necessary that they be set forth in the abstract.

The conclusions and finding of the lower court were correct; its judgment thereon is affirmed.

MR. JUSTICE BOUCK not participating.