533 P.2d 530 (1975)
Robert STIEBEN et al., Plaintiffs-Appellees and Cross-Appellants,
v.
Victor KORBY, Defendant-Appellant and Cross-Appellee.
No. 74-204.
Colorado Court of Appeals, Div. I.
March 18, 1975.
Fischer, Wilmarth & Hasler, G. William Beardslee, Fort Collins, for plaintiffs-appellees and cross-appellants.
Allen J. Kincaid, Brush, for defendant-appellant and cross-appellee.
Not Selected for Official Publication.
*531 BERMAN, Judge.
Defendant Victor Korby appeals from an adverse judgment requiring contribution as a guarantor on a promissory note and the court's failure to enter judgment on his counterclaim. We affirm.
Plaintiffs and defendant were members of an unincorporated association, Wellington Bean Growers Association, engaged in a farming enterprise. In order to expand the enterprise, the association contacted Bufar Corporation for the purchase of certain equipment. Bufar, in turn, borrowed money from CIT Corporation to purchase the equipment, giving its promissory note in return. The Association members contributed a pro rata share of the down payment and signed as guarantors of the note. Bufar defaulted in payment, and pursuant to the guaranty agreement, demand was made upon the members of the association, as guarantors of the note, for payment. All of the guarantors, with the exception of Korby, subsequently paid off the note. This action was commenced by each of the remaining guarantors individually and also the unincorporated association against Korby seeking contribution for payment of his proportionate share of the note pursuant to the guaranty agreement.
The trial court found that plaintiffs and defendant individually and as an unincorporated association guaranteed payment of the note, that the corporation had defaulted, that plaintiffs and defendant were jointly and severally liable, that plaintiffs individually and as an association had paid a proportionate share of the payment, including defendant's proportionate share, and that plaintiffs were entitled to contribution from defendant for moneys paid in excess of their pro rata share, with credit given to defendant for moneys he paid and for his proportionate share of the proceeds from the sale of certain equipment. In accordance with these findings, judgment was entered in favor of the plaintiffs, and this appeal followed.
Defendant claims that the evidence was insufficient to sustain the judgment, that the trial court erred in not granting him judgment on his counterclaim, and that the trial court erred in not accepting his defenses of failure of consideration and waiver.
It is well established that guarantors paying more than their proportionate share of an obligation are entitled to contribution from other guarantors who are jointly and severally liable for the obligation. Taylor v. Hake, 92 Colo. 330, 20 P.2d 546; Doyle v. Nesting, 37 Colo. 522, 88 P. 862.
The pertinent facts of this case are not in dispute. All the parties, including the defendant, stipulated to the execution of the guaranty agreement. The evidence clearly established that default had occurred, that plaintiffs had paid the obligation under the guaranty, and further, that defendant had not contributed his full share to the payments. The evidence amply supports the judgment and it will not be disturbed. Zambruk v. Perlmutter 3rd Generation Builders, 32 Colo.App. 276, 510 P.2d 472.
Defendant contends that the trial court erred in not granting him judgment on his counterclaim of $595. In finding that defendant was liable for a proportionate share of the obligation, the parties stipulated and the court found that defendant was entitled to be given credit against the judgment for the amount stated in his counterclaim. This is all the relief to which defendant was entitled.
In presenting his claim that the trial court erred in not accepting his defenses of failure of consideration and waiver, we note that defendant has not cited any facts or reasons, supported by the record, which support his claim, nor has he cited any authorities. It is not the duty of the reviewing court to search the record for evidence to support bald assertions and then to search for supporting authority. It is the duty of counsel to inform the court, both as to the specific errors relied on and as to the grounds, supporting facts, and *532 authorities therefor. Mauldin v. Lowery, 127 Colo. 234, 255 P.2d 976; C.A.R. 28.
Even were we to consider his allegations of error concerning failure of consideration and waiver, we conclude that it is no defense that he received nothing of value for his signing the guaranty agreement, Bloom v. Pioneer State Bank, 75 Colo. 28, 223 P. 750, and there was a total failure of evidence to support his defense of waiver.
Defendant also asserts that reversible error has been committed because the trial court did not make specific findings as to his counterclaims and affirmative defenses. C.R.C.P. 52(a) does not require the trial judge to "assert in detail the negative of every rejected proposition as well as the affirmative of those which he finds to be correct." Uptime Corp. v. Colorado Research Corp., 161 Colo. 87, 420 P.2d 232. The findings are sufficiently comprehensive to provide a basis for the decision and are supported by the evidence. Hipps v. Hennig, 167 Colo. 358, 447 P.2d 700.
Our disposition of defendant's allegations of error makes unnecessary any discussion of plaintiffs' contentions that defendant's appeal should be dismissed.
Judgment affirmed.
VAN CISE and KELLY, JJ., concur.