### MOISE v. SCHEIBEL et al.

### In re OMAHA MOTOR CAR CO.

(Circuit Court of Appeals, Eighth Circuit. July 11, 1917.)

No. 4666.

1. BANKRUPTCY ☞359—PROVABLE CLAIMS—CONDITIONAL ALLOWANCE.
   That a stockholder and creditor of a bankrupt had orally promised another creditor of the same class that its claim should be paid does not estop the former from receiving dividends equally with the latter.

2. BANKRUPTCY ☞341—PROVABLE CLAIMS—CONDITIONAL ALLOWANCE.
   A creditor of a bankrupt corporation, who is also the holder of unpaid stock, cannot properly be required, as a condition to the allowance of his claim, to pay the amount due on his stock subscription, where the assessment against unpaid stock necessary to pay the claims of creditors has not been judicially ascertained.

Appeal from the District Court of the United States for the District of Nebraska; Thos. C. Munger, Judge.

In the matter of the Omaha Motor Car Company, bankrupt. From an order allowing the claim of Minnie Moise, as administratrix of Walter Moise, deceased, conditionally, on objection of L. W. Scheibel, trustee, and the Omaha Auto Top Company, another creditor, claimant appeals. Modified and affirmed.

F. S. Howell and J. E. Von Dorn, both of Omaha, Neb. (Isidor Ziegler, of Omaha, Neb., on the brief), for appellant.

Sidney W. Smith, of Omaha, Neb. (McGilton, Gaines & Smith, of Omaha, Neb., on the brief), for appellee.

Before HOOK, SMITH, and CARLAND, Circuit Judges.

CARLAND, Circuit Judge. Walter Moise filed claims aggregating $31,635.76 against the estate of the Omaha Motor Car Company, a bankrupt. Objections were filed to the allowance of the claims by the trustee in bankruptcy, and also by the Omaha Auto Top Company, a creditor of the bankrupt. After a hearing, the referee found a balance due to Moise of $1,615.05, but disallowed the same, for the reason, among others, that Moise was the subscriber and owner of 25

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

shares of the common and 50 shares of the preferred stock of the bankrupt, of the par value of $7,500, for which he had paid nothing. On petition for review the matter was certified to the District Court. That tribunal restated the account between Moise and the bankrupt, and found a balance due the former of $13,728.58, but disallowed this amount unless Moise should first pay to the estate of the bankrupt $7,500, with interest at 7 per cent. from April 12, 1912, as payment for the stock above mentioned. It was further ordered that, if such payment should be made, then the claim of Moise as found by the court should stand allowed, and that Moise should receive dividends upon his claim equally with all other creditors of the same class, except that the claim of the Omaha Auto Top Company should be preferred to that of Moise, and that any dividends that Moise should be entitled to should be paid to the Auto Top Company until its claim should be paid in full; otherwise, the findings of the referee were affirmed. From this order Moise appealed to this court.

The assignment of errors as printed in the record contains the following:

"9. That the court erred in finding and adjudging that the total net claim that should be allowed this creditor is only $13,728.58 (No. 9 hereof withdrawn from further consideration—See Præcipe filed Jan. 11, 1916.)"

Turning to page 41 of the record, we find that the præcipe for transcript filed by appellant directs assignment of error No. 9 to be omitted. We therefore have no occasion to review the correctness of the balance found due to Moise by the court, except as to the items known as the Colby note, the Burmeister note, the Stangl note, and the automobile item, as the charging of these items to Moise are separately assigned as error.

It is further assigned as error that the court erred in finding that Moise was a subscriber to the stock of the bankrupt in the sum of $7,500, par value. The referee and the District Court both found that Moise was a subscriber to the stock of the bankrupt in the above amount, and that he had not paid for the same. A careful review of the evidence has satisfied us that this finding is correct. We are also satisfied that the court did not err in charging the amount of the notes above mentioned to Moise, or the price of the automobile.

[1] We, however, think the court erred in granting a preference to the claim of the Auto Top Company over that of Moise. They were creditors of the same class, and the evidence does not warrant the establishment of what practically amounts to a lien on the dividends payable to Moise, in favor of the Auto Top Company. The evidence tends to show that Moise promised orally that the indebterness of the Auto Top Company should be paid; but there is no evidence of facts which would create an estoppel on the part of Moise from receiving his dividends on an equality with the Auto Top Company.

[2] We are also of the opinion that the court erred in deciding that Moise was not entitled to dividends until he had paid the full par value of his stock. It is true that unpaid stock subscriptions pass to the trustee (Loveland, p. 809, § 309), and that the corporate stock of

an insolvent corporation is a trust fund for the benefit of creditors (Upton v. Tribilcock, 91 U. S. 45, 23 L. Ed. 203; Sanger v. Upton, 91 U. S. 56, 23 L. Ed. 220; Pullman v. Upton, 96 U. S. 328, 24 L. Ed. 818; Hawkins v. Glenn, 131 U. S. 319, 9 Sup. Ct. 739, 33 L. Ed. 184; Richardson v. Green, 133 U. S. 30, 10 Sup. Ct. 280, 33 L. Ed. 516; Handley v. Stutz, 139 U. S. 417, 11 Sup. Ct. 530, 35 L. Ed. 227); but Moise was not obliged to pay to the creditors of the bankrupt the full amount unpaid on his stock unless the full amount was necessary to pay the creditors of the bankrupt in full (Scovill v. Thayer, 105 U. S. 143, 26 L. Ed. 968). There is no way of determining in this proceeding what assessment shall be levied upon the stock of Moise. The amount of the assessment can only be determined in a proceeding brought by the trustee in bankruptcy against the estate of Moise, in which all the debts and expenses chargeable against the bankrupt estate and all available assets belonging thereto shall be ascertained, and the conclusion reached as to the amount of assessment necessary against the stock of Moise which, together with all available assets, will pay the creditors of the bankrupt estate in full.

It is possible that the assessment may equal the par value of the stock, or it may be much less; but whatever it shall be cannot be determined until some such proceeding as has been suggested is had. Scovill v. Thayer, supra; Rem. Auto & Motor Car Company, 153 Fed. 345, 82 C. C. A. 421. We are also of the opinion that, when the assessment to be paid upon the stock is ascertained, then no dividends should be paid on the claim of Moise until the stock assessment is fully paid, but that, in case the assessment is duly paid, then the claim of Moise shall stand allowed and share equally in the payment of dividends with claims of the same class.

The order appealed from, except as modified by this opinion, is affirmed, and the case remanded to the District Court for further proceedings not inconsistent with the views herein expressed.