### BOATMEN'S BANK v. LAWS et al.

### In re BRYANT, GORE & BOWMAN SALES CO.

#### (Circuit Court of Appeals, Eighth Circuit. March 19, 1919.)

#### No. 197.

BANKRUPTCY ⬤⇒326—CLAIM OF STOCKHOLDER—STOCK LIABILITY—SET-OFF.

Where a creditor stockholder of a bankrupt corporation had a claim against the bankrupt for $20,853.94, and his indebtedness on his stock was $10,000, for which amount corporation's trustee in bankruptcy recovered judgment, after which the stockholder was himself adjudged a bankrupt, his assignee could not have the amount of the judgment credited on the amount of the assigned claim and dividends on the balance of the claim paid to it, but dividends on such claim were first applicable on the judgment until that should be extinguished, and then, if there were other dividends, they were applicable to payment of the claim.

Petition to Revise Order of the District Court of the United States for the Eastern District of Missouri; John C. Pollock, Judge.

In the matter of the Bryant, Gore & Bowman Sales Company, bankrupt. Petition by the Boatmen's Bank against C. R. Laws and others, trustees, etc., to revise order of District Court. Petition denied.

Sears Lehmann, of St. Louis, Mo. (Lehmann & Lehmann, of St. Louis, Mo., on the brief), for petitioner.

Lee Grant, of St. Louis, Mo. (Grant & Grant, of St. Louis, Mo., on the brief), for respondents.

Before HOOK and CARLAND, Circuit Judges, and AMIDON, District Judge.

CARLAND, Circuit Judge. This case will be considered on the petition to revise. The respondents, as trustees of the estate of Bryant, Gore & Bowman Sales Company, a bankrupt, obtained a judgment against one E. M. Bowman for a stock liability as a member of said company, in the sum of $10,000. Bowman had a claim against the bankrupt duly proved and allowed in the sum of $20,853.94. He assigned his claim to the petitioner. After the judgment was obtained against Bowman, he was adjudged a bankrupt, and his estate paid no dividends. The referee refuses to pay to petitioner any dividends, arising from the administration of the estate of the Sales Company on the Bowman claim, until sufficient of said dividends have been applied on the judgment against Bowman to extinguish the same.

---

Petitioner claims that the amount of the Bowman judgment should be credited on the amount of its claim as assignee of Bowman and the dividends arising on the balance of the claim, should be paid to it. In Moise v. Scheibel, 245 Fed. 546, 157 C. C. A. 658, this court decided that no dividends should be paid on the claim of Moise until his stock liability should be ascertained and paid. The proceedings in bankruptcy are to be conducted upon equitable principles.

The judgment against Bowman is an asset belonging to all the creditors of the bankrupt estate. The trustees cannot use it to pay one creditor. The only equitable way to proceed is to require the payment of the Bowman judgment into the estate and then distribute the proceeds between all creditors. Bowman being insolvent, the only method left is to apply dividends arising upon the Bowman claim to the payment of the Bowman judgment until it shall be paid, and then, if there are other dividends, they should be applied to the claim of petitioner. The case of Kiskadden v. Steinle, 203 Fed. 375, 121 C. C. A. 559, is the only case cited in support of the petition to revise. So far as that decision is applicable to the question here involved it is in line with the conclusion here reached. It plainly decides that the claim of a creditor stockholder should not even be allowed until his indebtedness to the bankrupt has been collected by plenary suit. The opinion also states that if the indebtedness of the creditor stockholder cannot be collected, then the creditor's claim may be reduced by the amount of the debt; but this is far from saying that, if the trustee can reach any property, he may not take it.

The petition to revise is denied, with costs.

The appeal, No. 5214, is dismissed.