## In re R. ROMBACH & CO.

(Circuit Court of Appeals, Third Circuit. September 29, 1925. Rehearing Denied January 11, 1926.)

No. 3196.

1. **Corporations ☞106—Stock which corporation has no power to issue is void.**

Stock which corporation has no power to issue is void, and confers on holder no rights, and subjects him to no burdens, and nothing which he or corporation can do will give it validity.

2. **Corporations ☞100—Stock which corporation has power to issue, but issues irregularly, is valid as to holder.**

Stock which corporation has power to issue, but issues irregularly, is valid as to holder, and state alone may question irregularity.

3. **Corporations ☞25—Irregularity of corporation's organization is no defense to corporation's action on contract.**

Irregularity of corporation's organization is no defense to corporation's action on contract.

4. **Bankruptcy ☞245—Corporation's bankruptcy trustee represents both corporation and its creditors.**

Corporation's bankruptcy trustee represents both corporation and its creditors.

5. **Bankruptcy ☞290—Irregularity of issue of corporate stock held no defense to action by corporation's bankruptcy trustee for payment thereof.**

In action by corporation's bankruptcy trustee for payment of stock, forming increase which corporation had power to issue, defense of irregularity of issue cannot prevail.

6. **Bankruptcy ☞314(1)—Corporations ☞66—Increase of stock held merely irregular; purchasers of stock in bankrupt corporation held not entitled to prove claims as creditors.**

That bankrupt Pennsylvania corporation, in increasing its stock did not comply with Const. Pa. art. 16, § 7, and Act Pa. Feb. 9, 1901, § 1 (P. L. 3), amended by Act Pa. April 22, 1905 (P. L. 280; Pa. St. 1920, § 5668), *held* mere irregularity, and holders thereof were not entitled to prove claims for amounts paid therefor as creditors of bankrupt.

Appeals from the District Court of the United States for the Western District of Pennsylvania; Frederic P. Schoonmaker, Judge.

In the matter of R. Rombach & Co., bankrupt. From a decree of the District Court (3 F.[2d] 46), disallowing claims, Michael Landgraf and Isabella Bronner separately appeal. Affirmed.

Francis A. Wolf, of Pittsburgh, Pa., for appellants.

A. E. Kountz (of Kountz & Fry), of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is an appeal from a decree of the District Court, disallowing 26 claims for refund for money paid for stock of the bankrupt. The appellants are 2 of 28 claimants, who filed claims aggregating $55,000 as unsecured creditors of the bankrupt.

The bankrupt was incorporated under the laws of Pennsylvania on January 21, 1918, with an authorized capital of 2,000 shares of stock, of $100 each, a total of $200,000. The question of the increase of the capital stock arose. The method of the increase of the capital stock of a corporation is regulated by the Constitution and general laws of the commonwealth of Pennsylvania. The Constitution (article 16, section 7) states that:

"The stock and indebtedness of corporations shall not be increased except in pursuance of general law, nor without the consent of the persons holding the larger amount in value of the stock, first obtained at a meeting to be held after sixty days' notice given in pursuance of law."

The Act of February 9, 1901, § 1 (P. L. 3), amended by the Act of April 22, 1905 (P. L. 280; Pa. St. 1920, § 5668), provides for the increase of the capital stock of corporations. The capital stock of any corporation may, with the consent of the holders of the larger amount in value of the stock, be increased to such amount as the corporation shall deem necessary to carry on and enlarge its business and purposes. The corporation shall by resolution of its board of directors declare its purpose, and direct that the proposed increase be submitted to the stockholders for their consent at an annual or special meeting, after notice of the purpose, published once a week for 60 days in a newspaper published in the county, city, or borough wherein the principal office is located. An election shall be taken at such meeting for or against the increase. If the election is held at a special meeting, judges shall be appointed, who shall make return of the election in duplicate. The corporation shall furnish the judges with the amount of its capital stock, with the names of the holders thereof, and the number of shares held by each. If consent is given to the increase, the corporation shall within 30 days file one of the returns of the election, with a copy of the resolution and notice calling the same, with the secretary of the commonwealth, and

thereafter the increase shall be made at such time or times as shall be determined by the directors. When the increase is made, the president or treasurer of the corporation shall within 30 days make a return to the secretary of the commonwealth and the required payment to the state treasurer.

The directors on February 17, 1919, unanimously voted to increase the authorized capital stock of the company from $200,000 to $250,000. All the directors were present at this meeting, and owned 1,500 shares of the 1,741 shares of the capital stock then outstanding. Within one year the total number of the original 2,000 shares had been issued. Thereafter the company continued to sell its capital stock in excess of its authorized capitalization of $200,000, and by June 24, 1921, it had oversold its authorized capital stock by $61,000.

By this time the question of the validity of the issue of increased stock had arisen, and a special meeting of stockholders was held, June 24, 1921, at which it was voted by the owners of 1,995 shares of stock to increase the capital stock of the company from $200,000 to $350,000, but of these 1,995 shares only 1,851 were of the original 2,000 shares. The statutory notice of the purpose of this meeting of 60 days by publication was apparently not given, and the waiver of consent was not signed by all the stockholders. The return of the corporate proceedings of this meeting was not filed within 30 days, as required; in fact, it was not filed until March 20, 1922. This return was in regular form and complied with the requirements of the statute. A return on the same day was filed with the secretary of the commonwealth, showing that the outstanding stock of the company had been increased in the sum of $61,000 over the original authorized capital stock of $200,000.

The claimants purchased some of this stock forming the increase, and after the company had become bankrupt filed claims in the bankruptcy court for the purchase price of the stock, on the ground that the sale was fraudulent and void, because the stock was in excess of the duly authorized capital stock of the corporation, and that they became creditors for the amounts they paid for the stock. After the appellants had purchased the stock, and before the bankruptcy proceedings were instituted and a demand was made for the return of their money, debts were incurred by the company, and now the contest is between the appellants and the bona fide creditors of the company.

[1, 2] The question is really one of fact. The law is perfectly clear. Stock which a corporation has no power to issue is void. Such stock confers upon its holder no rights and subjects him to no burdens. Nothing that he or the corporation can do will give it validity. On the other hand, stock which the corporation has power to issue, but issues irregularly, is valid as to the holder, and in a suit for the payment of such stock he may not defend on the ground that it was irregularly issued. The state alone may raise the question of irregularity.

[3-5] It has also long since been settled in the federal and in many state courts that one who contracts with an acting corporation cannot defend himself against a claim on his contract in a suit by the corporation by alleging the irregularity of its organization. The same rule applies to the increase of the stock of a corporation in a suit for the payment of stock constituting the increase. The trustee of a bankrupt corporation represents both the corporation and its creditors, and in a suit by him for the payment of the stock forming the increase, which the corporation had power to issue, but issued irregularly, the defense of the irregularity of the issue cannot prevail. Dutchess Cotton Manufacturing Co. v. Davis, 14 Johns. (N. Y.) 238, 7 Am. Dec. 459; Buffalo & Allegheny Railroad Co. v. Cary, 26 N. Y. 75; Chubb v. Upton, 95 U. S. 665, 24 L. Ed. 523; Pullman v. Upton, 96 U. S. 328, 24 L. Ed. 818; Handley v. Stutz, 139 U. S. 417, 424, 11 S. Ct. 530, 35 L. Ed. 227.

[6] There is and can be no real dispute as to the facts in this case. The controversy is over the conclusions drawn from them. The appellants seek to bring themselves within the rule of Handley v. Stutz, supra, that the corporation did not have power to issue the stock, and that its acts in so doing were ultra vires and void. On the other hand, the trustee contends that the corporation had power to issue the stock, but did not comply with the statutory requirement as to procedure in doing so, and that the question is one of irregularity only, and within the principle announced in Chubb v. Upton, supra.

There was not only no constitutional or statutory prohibition against the corporate increase of capital stock, but both Constitution and statute expressly provided for it. There can be no denial that the corporation had power to increase its capital stock. The difficulty with the argument of appellants is that they confuse the lack of power with the irregular exercise of power. They

confuse the power of the directors with that of the corporation itself, including the directors *and stockholders*. There was no lack of power in the *corporation*, but its power was irregularly exercised. The contention in substance is that the irregularity of the issue of the stock by the corporation made it void, and the sale fraudulent. Hence the appellants have a just and unsecured claim for the purchase price of the stock.

This contention is unsound, and the decree is affirmed.