## GOESS v. BROWN et al.

### No. 6765.

District Court, E. D. New York.
Oct. 30, 1935.

Conboy, Hewitt, O'Brien & Boardman, of New York City, for plaintiff.

Hines, Rearick, Dorr & Hammond, of New York City (Charles A. Marshall and G. Gilbert Palmer, both of New York City, of counsel), for defendant Edward J. Brown.

GALSTON, District Judge.

The plaintiff moves for judgment on the pleadings against Edward J. Brown.

The action was instituted to recover from this defendant the sum of $1,000, with interest from December 20, 1934, which sum represents the amount of an assessment levied against him by the Comptroller of the Currency predicated on his being a shareholder of the capital stock of the Harriman Bank to the extent of ten shares. The critical denials in the answer to be considered are those set forth in the first and second separate defenses. From these it appears that the defendant was employed by the firm of Thomas L. Manson & Co., who were engaged in the business of stock brokers. In December, 1930, these brokers, for the account of a customer of the firm, purchased ten shares of the capital stock of the Harriman Bank. In order to facilitate the transfer of the stock, the shares were registered in the name of an employee of the firm, as nominee. In April, 1931, these shares were purchased by M. H. O. Co., Inc. The shares remained, however, pledged by the purchaser with the firm as collateral security for the account of the M. H. O. Co., Inc. Some time in June, 1932, the shares were transferred to the defendant

as nominee in order to facilitate the transfer thereof. The defendant paid no consideration for the stock, never had any beneficial interest of any kind whatsoever in the shares, and holds the mere naked title as agent and nominee for the account of M. H. O. Co., Inc., the owner.

It is alleged that before the bank was closed it was reported to a national bank examiner and by such examiner to the Comptroller of the Currency that M. H. O. Co. Inc., was a company controlled by Joseph W. Harriman, president of the Harriman Bank, and that the shares of stock of said bank, registered in the name of the defendant Brown, were owned by the M. H. O. Co., Inc. It is further alleged that this company openly claimed and exercised ownership of the shares at all times after they were registered in defendant's name. It is also alleged that ever since April, 1931, it was well known to the Harriman Bank that these shares were bought and paid for by the M. H. O. Co., Inc., and that any person in whose name the stock was registered on the books of the bank was merely the trustee thereof for the benefit of the owner.

The plaintiff contends that the affirmative defenses are insufficient in law, asserting the broad proposition that it is immaterial whether the defendant held the shares for himself or for another.

U. S. Code, title 12, § 64 (12 USCA § 64), is relied on. That section reads: "The stockholders of every national banking association shall be held individually responsible for all contracts, debts, and engagement [1] of such association, each to the amount of his stock therein, at the par value thereof in addition to the amount invested in such stock."

This section has been frequently construed. In Pauly v. State Loan & Trust Co., 165 U. S. 606, 17 S. Ct. 465, 470, 41 L. Ed. 844, Mr. Justice Harlan sets forth an exhaustive historical consideration of the section and the adjudicated cases, and from those cases he draws, among others, the following deduction: "That if one receives shares of the stock of a national banking association as collateral security to him for a debt due from the owner, with power of attorney authorizing him to transfer the same on the books of the association, and, being unwilling to incur the responsibilities of a shareholder as prescribed by the statute, causes the shares to be transferred on such books to another, under an agreement that they are to be held as security for the debt due from the real owner to his creditor,—the latter acting in good faith, and for the purpose only of securing the payment of that debt without incurring the responsibility of a shareholder,—he, the creditor, will not, although the real owner may, be treated as a shareholder, within the meaning of section 5151 [12 USCA § 63]."

It is true that in some of the cases language may be found to the effect that one who knowingly permits the bank's records to show him as a shareholder becomes estopped to deny that he is such. Schlener v. Davis (C. C. A.) 75 F.(2d) 371, 99 A. L. R. 498; Lucas v. Coe (C. C.) 86 F. 972.

If there is any such estoppel it is not absolute. The question was considered in Rankin v. Fidelity Insurance, Trust, etc., Co., 189 U. S. 242, 23 S. Ct. 553, 557, 47 L. Ed. 792. Mr. Justice Brown, after referring to representations made by the defendant in respect to its possession of pledged bank shares, said: "If such representations had been made either by a formal entry upon the books of the bank or to the public, or to anyone who could have been prejudiced by them, defendant might be held to be estopped, but as they were made to officers of the bank, who understood perfectly the capacity in which the defendant retained the stock, it was properly held to be a question for the jury."

It is undoubtedly true that the real owner of bank shares may be held to the penalty of the statute even though his name does not appear on the bank's records. Laurent v. Anderson (C. C. A.) 70 F.(2d) 819; McNair v. Darragh (C. C. A.) 31 F.(2d) 906. By the same token, one who is not either the actual or the beneficial owner ought not to be held to such liability unless, indeed, some affirmative act of his can be shown to prejudice the bank or its creditors. In the matter under consideration, the affirmative defenses attacked set forth knowledge on the part of the bank and of the Comptroller of the Currency that the defendant's legal title was that merely of nominee of the pledgee of the actual owner. This raises a good and lawful defense, and, as was said in Rankin v. Fidelity Insurance, Trust, etc., Co., cited above, the facts are for the jury. The motion is denied. Settle order on notice.

---

[1] "Engagement" should read "engagements."