B. P. O'Connor, Receiver *v.* Vermont Peoples National
Bank.

February Term, 1937.

Present: Powers, C. J., Slack, Moulton, Sherburne and Buttles, JJ.

Opinion filed May 4, 1937.

*Frank E. Barber* (*C. Menzies Miller* on the brief) for the defendant.

*Arthur P. Carpenter* and *Neil D. Clawson* for the plaintiff.

POWERS, C. J.   The plaintiff as receiver of the National Bank of Bellows Falls brings this suit to recover an assessment on twenty-one shares of the capital stock of that bank standing on its books in the name of the defendant on January 15, 1934, the day on which the Bellows Falls bank was declared insolvent. These shares of stock came into the defendant's possession as security for a loan.   The certificates were then in the name of Emma M. Childs, and the stock represented thereby stood in her name on the books of the bank.   The certificates were duly endorsed by her in blank at the time when they were pledged to the defendant, but a transfer on the books of the Bellows Falls bank was not made until June, 1931.   At that time the defendant, to enable it to have the dividends thereon paid directly to it, caused the stock to be transferred to its name on the stock register of the Bellows Falls bank, and on June 26, 1931, it received in exchange for the Childs certificates a certificate for twenty-one shares made out in its name.   From that time to this, the stock has stood on the books of the Bellows Falls bank in the name of the defendant with nothing to indicate that the latter was not the absolute owner of it.   During that time, the dividends were paid directly to the defendant, as long as any dividends were paid.   The defendant, by proxy, attended and participated in at least one stockholders' meeting. Under date of August 1, 1933, the officers of the Bellows Falls bank sent the defendant as a stockholder, a printed letter explaining its financial difficulties and setting forth a plan for saving as much as possible from its assets, and soliciting a subscription for stock in a new bank to be organized.   The defendant replied to this communication by a letter dated August 4, 1933, and therein, for the first time, explained that it held the stock as security, only.   No action was then or ever taken to have the stock transferred to the defendant as pledgee, or to have the records of the Bellows Falls bank changed in any way.

The determinative question in the case is this:   Did the notice of August 4, 1933, effect a change in the situation arising from the fact that the stock in question stood on the register of the Bellows Falls bank unqualifiedly in the defendant's name?

█ It is too well established to admit of denial that liability for assessments like the one here involved may be established by allowing one's name to appear and continue upon the books of a national bank as owner, though in fact he is only a pledgee. *Pullman* v. *Upton,* 96 U. S. 328, 24 L. ed. 818, 819; *Rankin* v. *Fidelity, etc., Co.,* 189 U. S. 242, 47 L. ed. 792, 794, 23 Sup. Ct. 553; *Holyoke Bank* v. *Burnham,* 11 Cush. (Mass.) 183, 187; Thompson, Liability of Stockholders, § 223; 1 Cook, Stock & Stockholders (3rd ed.) § 260.

"It is thoroughly established," says Mr. Justice Strong in *Germania Nat. Bank* v. *Case,* 99 U. S. 268, 25 L. ed. 448, 449, "that one to whom stock has been transferred in pledge or as collateral security for money loaned, and who appears on the books of the corporation as the owner of the stock, is liable as a stockholder for the benefit of creditors."

Again, in *Anderson* v. *Phila. Warehouse Co.,* 111 U. S. 479, 28 L. ed. 478, 480, 4 Sup. Ct. 525, Mr. Chief Justice Waite says: "It is well settled that one who allows himself to appear on the books of a national bank as an owner of its stock is liable to creditors as a shareholder, whether he be the absolute owner or a pledgee only."

█ Still again, in *Whitney* v. *Butler,* 118 U. S. 655, 30 L. ed. 266, 268, 7 Sup. Ct. 61, 63, Mr. Justice Harlan, in speaking of certain former decisions of the Supreme Court, says: "In nearly all of them, where the issue was between the receiver, representing the creditors, and the person standing on the register of the bank as a shareholder, it is said, generally, that the creditors of a national bank are entitled to know who, as shareholders, have pledged their individual liability as security for its debts, engagements and contracts; that if a person *permits* his name to appear *and remain* in its outstanding certificates of stock and on its register, as a shareholder, he is estopped, as between himself and the creditors of the bank, to deny that he is a shareholder; and that his individual liability continues until there is a transfer of the stock on the books of the bank, even where he has, in good faith, previously sold it and delivered to the buyer the certificate of stock, with a power of attorney in such form as to enable the transfer to be made."

And, finally, in *Rankin* v. *Fidelity Ins., etc., Co.,* 89 U. S. 242, 47 L. ed. 792, 794, 23 Sup. Ct. 553, 554, speaking on the

subject of who is a shareholder, it is said that the following proposition "may be considered as settled": That liability may be established by allowing one's name to appear upon the books of the corporation as owner, though in fact he be only a pledgee.

■ On the other hand, it is established that where one holds stock as pledgee, merely, and the bank's register shows this fact, the pledgor is liable for the assessement, and the pledgee is not. *Germania Nat. Bank* v. *Case, supra; Anderson* v. *Phila. Warehouse Co., supra; Pauly* v. *State Loan & Tr. Co.*, 165 U. S. 606, 41 L. ed. 844, 851, 17 Sup. Ct. 465.

■ With these propositions established, we have little difficulty in disposing of the case in hand. It is the record of the Bellows Falls bank that governs the rights and liabilities of the parties here. It is the authority that points to the party liable to this assessment. The very purpose of the statutory requirement that the bank shall keep a list of its stockholders is to furnish those who deal with the bank an official roster of its corporators, so that they may know to what extent those whose names appear thereon can be relied upon as security to the bank's patrons. *Waite* v. *Dowley*, 94 U. S. 527, 24 L. ed. 181, 182; *Pauly* v. *State Loan & Tr. Co.*, 165 U. S. 606, 41 L. ed. 844, 850, 17 Sup. Ct. 465.

As was said in *Magruder* v. *Coeston*, 44 Md. 349, 22 A. R. 47, 50, "Stockholders are those who appear on the books of the bank as owners of shares, and who are entitled to manage its affairs, and they can only throw off the liabilities incident to that relation by transferring the stock. Until that is done, they continue to be stockholders within the meaning of the banking act. * * * If creditors must look beyond the legal title, as exhibited by the books of the bank, they can never know against whom to proceed."

To the same effect is *Hale* v. *Walker*, 31 Iowa, 344, 7 A. R. 137, 143.

■ ■ The defendant has done nothing to correct the story told by the stock register regarding its relations to the Bellows Falls bank. The notice given to that bank as hereinbefore recited did not affect that record. Though the defendant continued to hold and now holds the twenty-one shares as a pledgee, it has suffered the register to attest its absolute ownership of them. The result is that it is liable for this assessment, and for

the following reasons: (1) It is estopped from denying its liability by voluntarily holding itself out to the public as the owner of the stock; (2) by taking and completing the legal title, it released the former owner of the stock from such liability; and (3) having put itself in a position to be entitled to the dividends, to vote in stockholders' meetings, and to have and enjoy all the privileges and benefits of ownership, it would be inequitable and unjust to allow it to refuse the responsibilities of a stockholder. *Germania Nat. Bank* v. *Case,* 99 U. S. 628, 25 L. ed. 448, 449.

*Judgment affirmed.*