## VAN DYKE v. GREEN RIDGE BANK.
### No. 4168.

District Court, M. D. Pennsylvania.
Aug. 4, 1938.

Martin J. Kushmerick, of Scranton, Pa., for plaintiff.

Jerome I. Myers, of Scranton, Pa., for defendant.

WATSON, District Judge.

This is a suit to recover an assessment levied against the Defendant as a shareholder of the Peckville National Bank, which was found to be insolvent, and is now before the Court on Plaintiff's motion for judgment for want of a sufficient affidavit of defense.

Defendant, in its affidavit of defense, does not deny that it has been the owner and holder of 40 shares of the capital stock of the Peckville National Bank from August 16, 1932 (two years before the assessment was made) to the present time. It does deny, however, that it is the real, beneficial owner of said shares, and sets forth the nature of its interest in the stock as follows:

"On the 23rd day of June, 1930, Harold Conrad, of the City of Scranton, deposited with the Green Ridge Bank, among other things, forty shares of the capital stock of the Peckville National Bank of Peckville, Penna., as collateral security for the obligation of Harold Conrad to the said Green Ridge Bank.

"That on or about the 12th day of August, 1932, James A. Wynkoop, Cashier of the said Green Ridge Bank, in a conversation with Floyd E. Brink, then acting as the cashier and as the agent of the said Peckville National Bank, informed the said Floyd E. Brink, then and there acting as cashier and as agent of the said Peckville National Bank, that the said Green Ridge Bank desired to receive the dividends on the stock which Harold Conrad owned in the said Peckville National Bank, which was held as collateral to the obligation of Harold Conrad to the Green Ridge Bank. The said James A. Wynkoop informed the said Floyd E. Brink, then and there acting as cashier and as agent of the said Peckville National Bank, that the stock was to be transferred in such a manner that the dividends would be received by the said Green Ridge Bank, and applied on the indebtedness of the said Harold Conrad to the said Green Ridge Bank.

"That the said Floyd E. Brink, Cashier and as agent of the Peckville National Bank, agreed that he would cause the shares to be issued to the Green Ridge Bank in such manner that the Green Ridge Bank would receive the dividends.

"That, in accordance with such agreement, your affiant, on or about the 13th day of August, 1932, sent the stock of the said Harold Conrad in the said Peckville National Bank and held by the Green Ridge Bank as collateral as aforesaid to the office and banking quarters of the said Peckville National Bank.

"That on or about the 16th day of August, 1932, there was issued by the said Peckville National Bank a certificate for forty shares in the name of the Green Ridge Bank, with the knowledge of the said Floyd E. Brink, Cashier of the said Peckville National Bank, and acting as its agent in the said transaction, that the Green Ridge Bank was holding the said new stock simply and solely as collateral security for the note and obligation of the said Harold

Conrad, and for the purpose of receiving the dividends thereon to be applied to the obligation of the said Harold Conrad.

"That the Defendant has no knowledge of the manner in which the said forty shares, after August 16, 1932, were recorded on the books of the Peckville National Bank, and demands strict proof thereof."

[1] The Statement of Claim specifically alleges that the Defendant is the owner and registered holder of the stock. Defendant's statement that it has no knowledge of the manner in which the shares were recorded on the books of the Peckville National Bank is not a sufficient denial of the Plaintiff's allegation. The Pennsylvania Practice Act of 1915, as amended July 12, 1935, 12 Purdon's Statutes, § 390, requires specific denial of allegations unless Defendant is unable after reasonable investigation to discover the truth or falsity of the allegation. In this case, no reasonable investigation is alleged and no specific denial is made. If reasonable investigation were made, Defendant would have no difficulty in discovering whether the stock here involved was registered in its name as alleged by the Plaintiff, since the National Bank Act, 12 U.S.C.A. § 62, makes such facts available to all shareholders. We may, therefore, accept as admitted the allegation that Defendant is the registered owner of the shares involved.

The question then is, Whether the person in whose name shares of stock in a national bank are registered can avoid liability under an assessment on such shares on the ground that he is in reality a mere pledgee of the shares; that the shares were placed in his name only for the purpose of receiving dividends; and that these facts were known to the officers of the bank which issued the stock?

In Germania National Bank v. Case, 99 U.S. 628, at page 631, 25 L.Ed. 448, the Court said: "It is thoroughly established that one to whom stock has been transferred in pledge or as collateral security for money loaned, and who appears on the books of the corporation as the owner of the stock, is liable as a stockholder for the benefit of creditors. We so held in Pullman v. Upton, 96 U.S. 328, [24 L.Ed. 818], and like decisions abound in the English courts, and in numerous American cases, to some of which we refer: Adderly v. Storm, 6 Hill (N.Y.) 624; Rosevelt v. Brown, 11 N.Y. 148; Holyoke Bank v. Burnham, 11 Cush. (Mass.)

183; Magruder v. Colston, 44 Md. 349, [22 Am.Rep. 47]; Crease v. Babcock, 10 Metc. (Mass.) 525; Wheelock v. Kost, 77 Ill. 296; In re Empire City Bank, 18 N.Y. 199; Hale v. Walker, 31 Iowa, 344 [7 Am. Rep. 137]. For this several reasons are given. One is, that he is estopped from denying his liability by voluntarily holding himself out to the public as the owner of the stock, and his denial of ownership is inconsistent with the representations he has made; another is, that by taking the legal title he has released the former owner; and a third is, that after having taken the apparent ownership and thus become entitled to receive dividends, vote at elections, and enjoy all the privileges of ownership, it would be inequitable to allow him to refuse the responsibilities of a stockholder."

The principle announced in Germania National Bank v. Case received recognition as applied to the present statutes on the subject by the Circuit Court of Appeals for the 5th Circuit as recently as 1935 in the case of Schlener v. Davis, 75 F.2d 371, 99 A.L.R. 498. In that case, the Court said (page 373): "One who knowingly allows the bank's records to show him as a shareholder becomes estopped to deny that he is such, though he be in fact an agent, trustee, pledgee, or dummy. The record owner of national bank stock, save in exceptional cases of fraud or inability to hold stock, is always assessable." There being no allegation of fraud in the present case, the exception mentioned could not operate to save the Defendant here.

I have found no case and I am confident there is none in which knowledge on the part of the officers of the bank as to the Defendant's interest in the stock as a mere pledgee has been held to be a defense to a suit for stock assessments. The case of O'Connor v. Vermont-Peoples Nat. Bank, 109 Vt. 1, 192 A. 9, decided by the Supreme Court of Vermont in 1937, involved facts almost exactly the same as those of the case at bar. There as here, the shares were transferred to the name of the Defendant, which held the shares as pledgee, for the sole purpose of receiving dividends, and this fact was made known to the officers of the insolvent bank before insolvency. After a rather comprehensive review of the authorities, it was held that the lower court had properly entered judgment for the plaintiff. The Court said, at page 10 of 192 A.: "The defendant has done nothing to correct the story told by the stock register regarding

its relations to the Bellows Falls bank. The notice given to that bank as hereinbefore recited did not affect that record. Though the defendant continued to hold, and now holds the twenty-one shares as a pledgee, it has suffered the register to attest its absolute ownership of them. The result is that it is liable for this assessment."

So, also in the case at bar, the result is that the Defendant is liable for the assessment levied, having offered no legal defense to the claim.

Now, Plaintiff's motion for judgment for want of a sufficient affidavit of defense is sustained; the rule granted thereon is made absolute; and the Clerk is directed to enter judgment in favor of the Plaintiff for the sum of $1,000, with interest from December 6, 1934.