## MUNRO v. HUBER et al.
### No. 145.

Circuit Court of Appeals, Second Circuit.
Jan. 22, 1940.

Milbank, Tweed & Hope, of New York City (Thomas A. Ryan, L. Reyner Samet, and Edward D. Gasson, all of New York City, of counsel), for appellants.

John L. Farrell, of New York City, for appellee.

Before L. HAND, CHASE, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

The case presents another effort on the part of stockholders of record of a failed bank to escape liability on an assessment.

Richmond National Bank failed in 1933. The plaintiff was appointed receiver. Assessment was made on the stock. At the time cf failure 100 shares of the stock stood registered in the name of Morgan, Turner & Company, and 50 shares in the name of Dell & Company. The plaintiff sued the defendants Huber, Morgan, Turner, Whitney and Van Name, individually and as partners under the name of Morgan, Turner & Company, and the defendants Huber, Dell, Nelson, Pfirmann and Van Name, individually and as partners under the name of Dell & Company. By way of defense the defendants showed that in 1928 one Leonard transferred 150 shares of stock of Richmond National Bank to Equitable Trust Company as trustee, and that the trust company, instead of having the shares registered in its own name, caused 100 shares to be registered in the name of Morgan, Turner & Company and 50 shares in the name of Dell & Company. These were partnerships formed by the defendants, employees of the trust company, for the purpose of acting as nominees of the trust company in taking record title to stocks and other securities. For such services the trust company agreed to pay $100 a year to each of the two partnerships and agreed to indemnify against liability. In 1930 and 1931 the shares were sold by the trust company cr its successor to Leonard and the certificates delivered to him. But the shares remained on the books of Richmond National Bank as the property of Morgan, Turner & Company and Dell & Company. There was some evidence that Leonard had informed officers and directors of the bank that he was the owner of the shares.

The district judge held the defendants liable for the assessment. He could not properly have decided otherwise. Persons who allow their names to appear on a bank's records as outright owners of stock are liable for assessment on the stock, although the true ownership is in others. Richmond v. Irons, 121 U.S. 27, 7 S.Ct. 788, 30 L.Ed. 864; Matteson v. Dent, 176 U.S. 521, 20 S.Ct. 419, 44 L. Ed. 571; see also Forrest v. Jack, 294 U.S. 158, 162, 55 S.Ct. 370, 79 L.Ed. 829, 96 A.L.R. 1457. The record ownership was in the firms, and the defendants composed the firms. The argument that the firms were not true partnerships has no substance. The defendants signed partnership articles, took partnership names, contracted as partnerships with the trust company, and referred to themselves as partners even in their answer to this action. The firms were in business, the business of acting as dummies, and they were carrying it on for profit. It makes no difference, however, whether or not the defendants were actual partners. It is enough that they used the firm names to indicate themselves. The firm names were merely convenient abbreviations for their individual names; the firm names bound them because they had adopted such names as the equivalent of their own names. Haskins v. D'Este, 133 Mass. 356. They would have been stockholders of record if they had seen fit to register themselves as John Doe. The problem that faced the receiver on examining the bank's stock book was to find out who were the persons that had assumed the names Morgan, Turner & Company and Dell & Company. When he identified the defendants as the persons using those names, his case was complete. The plain fact is that the defendants, under firm names, aliases if you will, were stockholders of record.

It is insisted that the officers and directors of the bank had knowledge that Leonard was the real owner of the stock. The district judge found to the contrary. But the point has no merit in any event. Liability is visited on the stockholder of record on the view that depositors and others dealing with the bank have a right to rely on the record ownership of stock.

It is of no moment what the officers and directors of the bank may know about the ownership. Van Dyke v. Green Ridge Bank, D.C., 24 F.Supp. 302; O'Connor v. Vermont-Peoples National Bank, 109 Vt. 1, 192 A. 9.

The defendants rely on Schumacher v. Davis, D.C., 1 F.Supp. 959, and Goess v. Brown, D.C., 12 F.Supp. 517. We are of opinion that those cases are not sound. The district judge was right in not adhering to them.

Affirmed.